UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHRISTIAN BULLARD,

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX DETENTION,

Respondents.

Case No. 1:26-cv-06087 (VC)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Before the Court is Petitioner Christian Bullard's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. *See* Dkt. No. 1. For the reasons that follow, the Court DENIES the petition without prejudice.

Petitioner is a citizen of the Bahamas who first entered the United States in 2007 on a B2 visa with an expiration of June 20, 2008. Dkt. No. 7-1 at 2. It does not appear that he sought further immigration relief following the expiration of his visa. *Id.* at 2–3.

In November 2025, Petitioner presented himself at the Miami Deferred Inspection Office to request an I-94 form from immigration authorities to begin adjusting his status. *Id.* at 2. Based on his criminal history, which includes arrests spanning from 2011 to early 2025, U.S. Immigration and Customs Enforcement ("ICE") issued an administrative warrant and arrested him pursuant to 8 U.S.C. § 1226(a). *See* Dkt. No. 7-2 at 5–26; Dkt. No. 7-4 at 1. Petitioner received a bond hearing before an immigration judge ("IJ") in March 2026 at which the IJ denied bond based on a finding that he was a danger to the community. Dkt. No. 7-5 at 1. Petitioner was ordered removed to the Bahamas in August 2026 and waived his right to appeal. Dkt. No. 8-1 at

1–4. Based on the records submitted by the parties, he did not subsequently file an appeal of the order, nor has he sought to reopen his removal proceedings.[1]

Section 1231(a) governs the detainment of "noncitizens who have been ordered removed from the United States[,]" as is the case with Petitioner here. *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 575 (2022) (citation omitted). More specifically, 8 U.S.C. § 1231(a)(2) requires the Government to detain an individual for up to 90-days following the entry of a final order of removal. 8 U.S.C. §§ 1231(a)(1), 1231(a)(2). As Petitioner waived his right to appeal his removal order, and has not sought any further immigration relief, his order of removal became administratively final on August 19, 2026. *See* 8 C.F.R. § 1241.1(b) ("An order of removal … shall become final: … [u]pon waiver of appeal"). The Government is, therefore, authorized to detain Petitioner through at least November 17, 2026 to execute his removal. *See Khotesouvan v. Morones*, 386 F.3d 1298, 1301 (9th Cir. 2004) (holding that detention during the 90-day removal period pursuant to § 1231(a)(2)(A) passes constitutional scrutiny); *Singh v. Cruz*, No. 1:26-CV-00591-DAD-CKD, 2026 WL 320410, at *2–3 (E.D. Cal. Feb. 6, 2026) (denying injunctive relief where Petitioner is still within the 90-day removal period).

Accordingly, the petition is DENIED without prejudice. The Clerk of Court is directed to close this case and enter judgment for Respondents.

**IT IS SO ORDERED.**

Dated: November 2, 2026

VINCE CHHABRIA
United States District Judge

[1] Following the entry of Petitioner's removal order, counsel for Petitioner requested that the Court withhold ruling on the petition until September 4, 2026 so that Petitioner could file an amended petition. Dkt. No. 9 at 2. The Court issued an order indicating that it would withhold ruling on the petition until September 15, 2026. *See* Dkt. No. 10. As of the date of this order, Petitioner has not filed an amended petition, nor has he requested an extension on the deadline to file one.